UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| "A," a minor, et al., | : | |
| | : | |
| Plaintiffs, | : | HONORABLE JOSEPH E. IRENAS |
| | : | CIV. ACTION NO. 10-4062 (JEI/AMD) |
| v. | : | |
| | : | **OPINION** |
| GLOUCESTER TOWNSHIP, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

MILDENBERG & STALBAUM, P.C.
By: David S. Mildenberg, Esq.
123 South Broad Street, Suite 1610
Philadelphia, Pennsylvania 19109
          Counsel for Plaintiffs

PARKER McCAY, P.A.
By: Elizabeth Garcia, Esq.
Three Greentree Center
7001 Lincoln Drive West
P.O. Box 974
Marlton, New Jersey 08053
          Counsel for Defendant Gloucester Township

BROWN & CONNERY, LLP
By: Christine P. O'Hearn, Esq.
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
          Counsel for Defendants Gloucester Township Public
          Schools, the Board of Education of Gloucester
          Township, and Thomas D. Seddon

ADAMS STERN GUITERREZ & LATTIBOUDERE LLC
By: Perry L. Lattiboudere, Esq.
1037 Raymond Boulevard, Suite 710
Newark, New Jersey 07102
          Counsel for Defendants Black Horse Pike Regional
          School District, the Board of Education of Black
          Horse Pike Regional School District, Ralph E.
          Ross, and Mae Robinson

**IRENAS**, Senior District Judge:

African American Plaintiffs, who were children during the relevant time period, bring this suit alleging that they were the victims of pervasive and persistent racism of teachers and administrators while attending public schools in Gloucester Township, New Jersey.  Presently before the Court are the Motions to Dismiss of: (1) Defendants Gloucester Township Public Schools, the Board of Education of Gloucester Township, Board of Education President William G. Collins, and Superintendent Thomas D. Seddon (collectively "the Gloucester School District Defendants"); and (2) Defendants Black Horse Pike Regional School District, the Board of Education of Black Horse Pike Regional School District, Superintendent Ralph E. Ross, and Mae Robinson, Principal of the Timber Creek Regional High School[1] (collectively "the Black Horse Pike School District Defendants").[2]  For the reasons stated herein, the Motions will be granted in part and denied in part.[3]

---

[1]  Timber Creek Regional High School is one of three high schools within the Black Horse Pike Regional School District. (Amend. Compl. ¶ 19)

[2]  Defendant Gloucester Township has also moved to dismiss all the claims asserted against it.  Plaintiffs did not submit any opposition to the Township's Motion, and at a status conference on the record held before Magistrate Judge Donio on July 13, 2011, Plaintiffs stipulated to the dismissal with prejudice of all claims against the Township.  Accordingly, Gloucester Township will be terminated as a party to this suit, and their Motion to Dismiss will be dismissed as moot.

[3]  The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**I.**

Plaintiffs allege that over the course of several years (2004 through February, 2010), while attending public schools within the Gloucester Township School District and the Black Horse Pike Regional School District, several teachers called them racially derogatory names such as "nigger" and "tar baby." (Amend. Compl. ¶ 1)[4]  The Amended Complaint also alleges that teachers repeatedly tolerated other students' use of such language when directed at Plaintiffs.  (Amend. Compl. ¶ 37, 44, 50, 56-57, 68, 73, 88, 101)

Further, the Amended Complaint alleges that Plaintiffs "Minor B" and "Student C"[5] were not allowed to participate in extracurricular activities such as school clubs and sports because of their race (Amend. Compl. ¶ 69, 90); and that Minor C received a report card with failing grades in three subjects even though those grades did not match the actual grades he received on tests, papers, and quizzes. (Amend. Compl. ¶ 92)

Lastly, the Amended Complaint alleges that Plaintiffs and their mother reported the alleged incidents of racism to teachers and school officials, who did nothing, and on at least two

---

[4]  The Amended Complaint alleges that "over 83% of [Gloucester Township's] population is Caucasian, while only 11% . . . is African American."  (Amend. Compl. ¶ 35)

[5]  At a status conference on the record held before Magistrate Judge Donio on July 13, 2011, Plaintiffs abandoned their attempt to proceed anonymously on the public docket. However, the parties' stipulation identifying the Plaintiffs by name has not yet been filed.

occasions, responded by calling the Plaintiffs' mother a

"nigger."   (Amend. Compl. ¶ 47, 50, 51, 54, 55, 67, 71, 78, 79,

94)

Plaintiffs contend that as a result of the "intimidating,

hostile, and hateful" environment (Amend. Compl. ¶ 106) allegedly

created by Defendants, they have suffered mental and physical

injuries in the form of "fear, loss of self esteem, chronic

headaches, severe anxiety, loss of trust in adults . . . hives,

stress, . . . depression, and the loss of innocence."   (Amend.

Compl. ¶ 4)

The Amended Complaint alleges seven counts: (1) a Section

1983 claim of "race discrimination/retaliation" in violation of

the Fourteenth Amendment of the United States Constitution; (2) a

Section 1981 claim of "race discrimination/retaliation"; (3) a

Title VII claim of "race discrimination/retaliation"; (4)

conspiracy to violate Plaintiffs' civil rights in violation of

Section 1985; (5) "race discrimination/retaliation" in violation

of the New Jersey Law Against Discrimination; (6) intentional

infliction of emotional distress; and (7) negligent infliction of

emotional distress.   All claims are asserted against all

Defendants, with the exception of Count 6 (intentional infliction

of emotional distress), which is only asserted against the

"Individual Defendants."[6]

---

[6] The Amended Complaint does not specifically identify the
Individual Defendants.  It appears from the parties' briefs that
the Individual Defendants are Superintendent Seddon,

4

Pursuant to Fed. R. Civ. P. 12(b)(6), the Moving Defendants presently move to dismiss Counts 2, 3, 4, 6, and 7 of the Amended Complaint.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.  *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

Superintendent Ross, and Principal Robinson.

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**III.**

**A.**

With regard to the New Jersey common law claims (Counts 6 and 7 of the Amended Complaint-- negligent and intentional infliction of emotional distress), the School District Defendants[7] assert that the claims are barred because Plaintiffs failed to comply with the notice provision of the New Jersey Tort Claims Act, N.J.S.A. 59:8-8.

> The Act provides,
>
> A claim relating to a cause of action for . . . injury or damage to person . . . shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> a. He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or
>
> b. Two years have elapsed since the accrual of the claim; or

---

[7]   The Black Horse Pike School District Defendants have not submitted their own separate motion or brief.  By informal letter, they have joined the Motion of the Gloucester School District Defendants only with regard to dismissal of Counts 6 and 7 of the Amended Complaint.

> c. The claimant or his authorized representative entered into a settlement agreement with respect to the claim.
>
> *Nothing in this section shall prohibit an infant or incompetent person from commencing an action under this act within the time limitations contained herein, after his coming to or being of full age or sane mind.*

*Id.* (emphasis added).

Contrary to Defendants' argument, the above-italicized infant tolling provision tolls *both* the Act's 90-day notice provision and the two-year statute of limitations, not just the statute of limitations. *S.P. v. Collier High School, et al.*, 319 N.J. Super. 452, 464-66 (App. Div. 1999); *Vedutis v. Tesi*, 135 N.J. Super. 337, 340-41 (Law Div. 1975); *Reale v. Twp. of Wayne*, 132 N.J. Super. 100, 107-09 (Law Div. 1975).[8] "By its terms, the [infant tolling] section simply provides that an infant is not precluded from commencing an action by the section. But the section extends the right of an infant to bring his claim throughout the period of his minority." *Barbaria v. Twp. of Sayreville*, 191 N.J. Super. 395, 402 (App. Div. 1983) (citing *Vedutis*).

---

[8]  *See also Brodsky v. Ounsko*, No. MID-L-2564-08, 2010 N.J. Super. Unpub. LEXIS 2308 at *9 n.7 (Law. Div. May 13, 2010)(observing in dicta, "[b]ecause the TCA tolls the notice provision until a minor reaches majority, Brodsky would arguably have to file his notice of claim 90 days after his eighteenth birthday.") (citing N.J.S.A. 59:8-8).

<u>*Minor A*</u>

"Minor A" was allegedly born in 2000 (Amend. Compl. ¶ 7), and is therefore presently a minor.  Accordingly, his claims are technically premature, insofar as N.J.S.A. 59:8-8 provides that suit may be filed "six months from the date notice of claim is received," and his time for filing a notice of claim has not commenced.  However, as New Jersey courts have previously recognized, dismissal without prejudice is an "inappropriate" disposition where sufficient time has passed since the filing of the complaint and there has been no showing that the public entity has been "frustrated in undertaking an investigation of the claim."  *Reale*, 132 N.J. Super. at 111; *see also Guerrero v. Newark*, 216 N.J. Super. 66, 74-75 (App. Div. 1987).  Here, Plaintiffs filed their Complaint on August 9, 2010.[9]  By this time, Defendants have had sufficient opportunity to "investigate the claim" and possibly "work toward a settlement," which are the goals promoted by the six-month waiting period.  *Reale*, 132 N.J. at 111.  Thus, the Court will not dismiss without prejudice Minor A's common law claims.

<u>*Minor B*</u>

Minor B was allegedly born in November, 1992 (Amend. Compl.

---

[9]   While an Amended Complaint was subsequently filed, the common law claims were not substantially altered by the Amended Complaint.

¶ 8)[10], thus she reached majority in November, 2010. The Complaint was filed in August, 2010, thus, as with Minor A, Minor B's claims were also premature. For the reasons stated above, Minor B's claims will not be dismissed.

*Student C*

Student C was already an "adult" when the Complaint was filed (Compl. ¶ 10; Amend. Compl. ¶ 10); he was born in October, 1989, and thus reached majority in October, 2007.[11] For all claims accruing prior to Student C reaching the age of eighteen, the time for filing a tort claim notice expired 90 days after Student C's eighteenth birthday. Those claims are now barred because a tort claim notice was never filed.

Student C may also have claims that accrued after he reached 18 years old. The Amended Complaint alleges that Student C entered high school in 2004 (Amend. Compl. ¶ 84); thus by October, 2007 he may have only completed three years of high

---

[10] The Amended Complaint only contains the year, and not the month of Minor B's birth. In response to the Court's letter Order, Plaintiffs provided to the Court and opposing counsel the exact birthday for Minor B. As Plaintiffs have abandoned their efforts to proceed anonymously, the Court presumes they have no objection to the inclusion of Minor B's birth-month in this Opinion. If Plaintiffs do object, they may file an appropriate motion to seal.

[11] As with Minor B, the Amended Complaint does not plead Student C's birth date. That information was provided pursuant to the Court's letter Order. As with Minor B, should Plaintiffs object to the inclusion of Student C's birth month and year in this Opinion, Plaintiffs may file an appropriate motion to seal.

school, potentially leaving one year remaining.[12]  However, all

of those claims-- if any, the Amended Complaint is not specific

in this regard-- are also barred because no tort claim notice was

filed, and such a notice would have had to be filed 90 days from

claim accrual, which would have taken place sometime between

October, 2007 (when Student C turned 18) and June, 2008

(presumably the latest possible date Student C could have

graduated).  As noted already, the Complaint was not filed until

August, 2010, much more than 90 days after the accrual of the

latest possible accruing claim.[13]

Accordingly, the Court holds that all of Student C's claims

for negligent and intentional infliction of emotional distress

are barred for failure to file a notice of tort claim.


The School District Defendants' Motion to Dismiss Counts 6

and 7 will be granted as to Student C's claims but denied as to

Minor A and B's claims.

---

[12]   The Amended Complaint alleges that Student C "received his [high school] diploma early" (Amend. Compl. ¶ 102), but does not indicate the date of his graduation.

[13]   It also appears that all of Student C's claims accrued more than two years before the Complaint was filed, and would thus be barred by the two-year statute of limitations.  However, the Moving Defendants have not raised the issue, therefore the Court does not rule on it.

**B.**

Next, the Gloucester School District Defendants argue that
the Amended Complaint fails to state a claim under § 1981 (Count
2).  They argue, among other things, that Plaintiffs' vague
allegations with regard to an "Enrollment Agreement" between
Plaintiffs and the Gloucester School District Defendants do not
sufficiently allege the existence of a contract, as that term is
used in § 1981.  *See* 42 U.S.C. § 1981 ("All persons within the
jurisdiction of the United States shall have the same right in
every State and Territory to make and enforce contracts . . .").

The § 1981 claim will be dismissed, but for a much simpler
reason.  In *McGovern v. City of Philadelphia*, the Third Circuit
joined five other Courts of Appeal in holding that "'the express
cause of action for damages created by § 1983 constitutes the
exclusive federal remedy for violation of rights guaranteed in
§ 1981 by state governmental units.'" 554 F.3d 114, 120 (3d Cir.
2009) (quoting *Jett v. Dallas Independent School District,* 491
U.S. 701, 733 (1989)).[14]

The Gloucester School District Defendants are state actors.
Indeed, Plaintiffs' § 1983 claim implicitly concedes this point.
Accordingly, the Amended Complaint fails to state a claim under §
1981.  The Gloucester School District Defendants' Motion to

---

[14]  "[Section] 1981 created an implied cause of action against
*private* actors."  *McGovern*, 554 F.3d at 117 n.3 (italics in
*McGovern*; citing *Jett*).

11

Dismiss will be granted with regard to Count 2 of the Amended

Complaint.   While the Black Horse Pike School District Defendants

have not joined in the Gloucester School District Defendants'

Motion to Dismiss this claim, the Court's holding with respect to

the § 1981 claim is now the law of the case and applies equally

to the Black Horse Pike Defendants as they are also state actors.

Accordingly, Count 2 of the Amended Complaint will be dismissed

in its entirety against all Defendants.

The Motion to Dismiss will be granted as to Count 2.


**C.**

Lastly, the Gloucester School District Defendants move to

dismiss Count 3 (Title VII claim) and Count 4 (§ 1985 claim),

however Plaintiffs state that they "stipulate to the

discontinuance" of these counts "as to the Moving Defendants."

(Pls' Opposition Brief, p. 8 n.2)   Accordingly, Counts 3 and 4

will be dismissed with prejudice as to the Gloucester School

District Defendants.


**IV.**

For the above-stated reasons, the Motions to Dismiss will be

granted in part and denied in part.   The Motions will be granted

as to Student C's claims for intentional and negligent infliction

of emotional distress (Counts 6 and 7) but denied as to Minor A

and Minor B's same claims.   The Section 1981 claim (Count 2) will

be dismissed with prejudice as to all of the School District

Defendants.   The Title VII claim (Count 3) and the § 1985 claim

(Count 4) will be dismissed with prejudice as to the Gloucester

School District Defendants only.   Lastly, based on Plaintiffs'

counsel's statement on the record that Plaintiffs stipulate to

the dismissal with prejudice of all claims against Gloucester

Township, the Township will be terminated as a party to this suit

and its Motion to Dismiss will be dismissed as moot.   The Court

will issue an appropriate order.


Date: July 21, 2011


                                      Joseph E. Irenas
                                      JOSEPH E. IRENAS, S.U.S.D.J.